

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| VINCENT MARK CASTILLO | CIVIL ACTION |
| VERSUS | NO. 05-5006 |
| LISA H. CASSARA | SECTION "A"(5) |

### TRANSFER ORDER

Petitioner, VINCENT MARK CASTILLO, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 in which he is challenging the constitutionality of his June 28, 2000 state court convictions. A review of this court's records reflects that petitioner has filed a prior petition for writ of habeas corpus related to this same conviction and sentence entitled <u>Castillo v. State of Louisiana, et al.</u>, Civil Action 02-0692 "A"(5) (E.D. La. 2002). That petition was denied with prejudice on the merits by Judgment entered September 27, 2002.

The petition presently before the court is considered to be a successive petition as described by 28 U.S.C. § 2244. In order to overcome the prohibition against the filing of a successive claim under that section, the petitioner must establish one of the following exceptions:

1) the claim relies on a new rule of law, made retroactive to cases on collateral review by the United States Supreme Court, that was previously unavailable; or

2)     (i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence, and
(ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for the constitutional error, no reasonable factfinder would have found the petitioner guilty of the underlying offense.

28 U.S.C. § 2244(b)(2)(A), (B).

Before the petition can be considered on the merits by this district court, the petitioner must obtain authorization to file this successive petition from the United States Fifth Circuit Court of Appeals by making a prima facie showing of the above listed requirements to that appellate court as required by 28 U.S.C. § 2244(b)(3)(A). Until such time as petitioner obtains said authorization, this Court is without jurisdiction to proceed. Accordingly,

**IT IS ORDERED** that VINCENT MARK CASTILLO's petition be construed in part as a motion for authorization for the district court to consider the successive claims raised therein.

**IT IS FURTHER ORDERED** that the petition be and hereby is **TRANSFERRED** to the United States Fifth Circuit Court of Appeals under the authority of 28 U.S.C. § 1631 for that Court to determine whether petitioner is authorized under 28 U.S.C. § 2244(b) to file the instant habeas corpus petition in this district court.

New Orleans, Louisiana, this \_\_1st\_\_ day of \_\_November\_\_, 2005.

_____
UNITED STATES DISTRICT JUDGE